**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Africa Growth Corporation )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>Republic of Angola, *et al.* )<br>)<br>      Defendants. )<br>_____ ) | Case No: 17-cv-2469 |

## **RESPONSE TO AUGUST 15 ORDER**

On August 15, 2018, this Court requested the plaintiff, Africa Growth Corporation ("AFGC") submit a filing regarding oral hearing on AFGC's motion for final default judgment against the defendants, providing "(1) a list of proposed witnesses, (2) an estimate of the length and time such hearing will require, and (3) an explanation of the matters each witness testimony will address in oral testimony that are not already addressed in the affidavits submitted by the plaintiff." (August 15, 2018 minute order). In accordance with the Court's request, AFGC submits the information below in reply.

AFGC and its counsel understand the Court's time and resources are valuable and would like to seek the Court's guidance on the matters the Court would like to address at the hearing. From AFGC's perspective, there are only two issues that might require the presentation of evidence: (1) subject matter jurisdiction and (2) damages, each of which AFGC will address in turn. AFGC is prepared to present argument, provide witnesses, elicit testimony, and otherwise submit evidence as appropriate to support any issues that the Court deems necessary or useful regarding these two general areas. To the extent that the Court deems only one of these

categories necessary or useful, AFGC will provide evidence, witnesses, and elicit testimony as necessary and as required by the Court.

## I. WITNESSES

### A. Subject Matter Jurisdiction

AFGC is mindful that under the Foreign Sovereign Immunities Act ("FSIA"), "[n]o judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). In light of this heightened requirement under the FSIA for the granting of a default judgment, AFGC is prepared to provide evidence and testimony on the issue of subject matter jurisdiction. In the interests of judicial economy and efficiency, if no such testimony and evidence is required, AFGC will proceed to present testimony and evidence solely on the issue of damages.

The witnesses that AFGC proposes to provide at oral hearing, and the matters the witnesses are expected to address, are as follows:

1.    Brenton Kuss, Chief Executive Officer ("CEO") and interim Chief Financial Officer ("CFO") of AFGC. In support of the motion for final default judgment, Mr. Kuss provided a declaration primarily regarding factual background related to jurisdiction and liability. To the extent necessary, Mr. Kuss also may provide supplemental factual testimony concerning additional and ongoing and increased difficulties that AFGC has faced since the filing of the motion for final default judgment, both in Angola, where AFGC remains without access to its investments despite a clear legal right, and in the United States, where it has continued obligations with respect to its shareholders and before the relevant regulatory

authorities. In addition, Mr. Kuss will provide factual testimony in support of the relevant jurisdictional nexus requirements under the FSIA, 28 U.S.C. §§ 1605(a)(2) and 1605(a)(3).

2.     Legal Expert. AFGC has consulted with legal scholars concerning the bases for jurisdiction under the FSIA and may call upon a scholar to provide testimony from a legal standpoint concerning AFGC's satisfaction of the relevant jurisdictional nexus requirements under the FSIA, 28 U.S.C. §§ 1605(a)(2) and 1605(a)(3).

In the event the Court is satisfied that the jurisdictional requirements have been met, AFGC may proceed directly to the issue of damages.

**B.     Damages**

Regarding damages, AFGC will call on the following witnesses to testify:

1.     Brenton Kuss, CEO and interim CFO of AFGC. In support of the motion for final default judgment, Mr. Kuss provided a declaration primarily regarding factual background related to the defendants' liability, leaving only the issue of damages. At the oral hearing, Mr. Kuss may provide additional factual testimony concerning damages sustained by AFGC, namely the financial impact caused upon AFGC as a result of the wrongful taking of AFGC's real property, the rental incomes derived from the real property, and access to AFGC's Angolan subsidiaries and the bank accounts belonging to the subsidiaries.

2.     Economic Damages Expert: G. Grant Lyon, President and Founder of Atera Capital, LLC. Mr. Lyon possesses extensive experience providing expert testimony in federal district and bankruptcy courts on damages, valuation, and other financial issues. In this matter, Mr. Lyon will serve as an expert witness with respect to economic damages sustained by AFGC and will provide further testimony concerning damages arising out of the expropriation of the AFGC assets, including, without limitation, the quantum of damages sustained and the method for calculating such damages, the applicable standard for compensation of such damages,

valuation methods, and matters concerning calculation of damages according to the date and time of the expropriation. Mr. Lyon also may provide an expert report in advance of oral hearing. For ease of reference Mr. Lyon's curriculum vitae is attached hereto as Exhibit A.

## II.     **LENGTH AND TIME OF EVIDENTIARY HEARING**

With respect to an estimate of the length and time an oral hearing would require, the total number of hours for oral hearing may depend upon the matters that the Court deems pertinent and wishes to hear.

For issues related to subject matter jurisdiction, should the Court deem such oral argument and testimony necessary or useful, AFGC estimates a total of three hours. For issues related to liability—to the extent the liability issues differ from those presented under jurisdiction—AFGC estimates two hours. Lastly, damages-related matters would require more time, since it would be necessary to supplement the record with additional evidence of damages and present two witnesses, one for factual support and one expert. Accordingly, AFGC estimates a total of four to five hours on the issue of damages.

AFGC and its counsel remain at the Court's disposition should the Court have additional questions it would like AFGC's counsel to address, or should the Court wish to hear directly from any of the individuals whose declarations were submitted in support of the motion for final default judgment. Likewise, in the event the Court requires any further supporting documentation or affidavits prior to an oral hearing, AFGC will be pleased to provide any such submissions. AFGC remains generally available for a hearing subject to the Court's availability.

Dated: September 4, 2018

Respectfully submitted,

By: */s/ Harold E. Patricoff*
Harold E. Patricoff (*Pro Hac Vice*)
Florida Bar No. 508357
hpatricoff@shutts.com
Kristin Drecktrah Paz (*Pro Hac Vice*)
Florida Bar No. 91026
kpaz@shutts.com
SHUTTS & BOWEN LLP
200 S. Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Tel.: (305) 358-6300
Fax: (305) 381-9982

Anthony F. Cavanaugh
D.C. Bar No: 482760
LINOWES & BLOCHER LLP
7200 Wisconsin Avenue, Suite 800
Bethesda, MD 20814
Tel.: (301) 961-5191
acavanaugh@linowes-law.com

*Attorneys for Plaintiff, Africa Growth Corporation*